UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONIVAN DIAZ,<br>CDCR #AU-5079,<br><br>                                 Plaintiff,<br><br>vs.<br><br>RAYMOND MADDEN, Warden,<br>R. BUMGART, Litigation Coordinator,<br>N. TELLES, Litigation Coordinator, and<br>D. LOOP, Correctional Lieutenant,<br><br>                                 Defendants. | Case No.: 20cv2147-GPC (BGS)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1)** |

      On November 2, 2020, Plaintiff Donivan Diaz, a state prisoner incarcerated at Centinela State Prison ("Centinela") in Imperial, California, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff claimed that four Centinela officials, a Correctional Lieutenant, two Litigation Coordinators and the Warden, violated his federal constitutional rights to due process, access to the courts, and to be free from cruel and unusual punishment when they confiscated computer disks containing his criminal case file and denied his requests for computer access to those records. (*See id.* at 2-9.) The Complaint was accompanied by a Motion to proceed in forma pauperis pursuant

to 28 U.S.C. § 1915(a) and a Motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF Nos. 2, 6.)

On February 22, 2021, the Court granted Plaintiff's motion to proceed in forma pauperis, denied his motion for appointment of counsel without prejudice, and screened the Complaint pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (ECF No. 7.) With respect to the screening, the Court found the allegations in the Complaint that Plaintiff's computer disks were confiscated and his requests to use a computer to access his legal files were denied failed to plausibly allege: (a) the deprivation of a liberty or property interest sufficient to state a due process claim, (b) the denial of the minimal civilized measure of life's necessities sufficient to state a cruel and unusual punishment claim, and (c) that he suffered an actual injury such as an inability to meet a filing deadline or the loss of a non-frivolous claim sufficient to state an access to courts claim. (*Id*. at 9-15.) The Court dismissed the Complaint for failure to state a claim, informed Plaintiff of the defects of his pleading, granted him leave to amend, and instructed him that any Defendants not re-named and any claims not re-alleged would be considered waived. (*Id*. at 16.)

Plaintiff has now filed a First Amended Complaint ("FAC"). (ECF No. 9.) He names the same four Defendants and claims that by interfering with his access to his legal materials they violated his rights to due process and access to the courts. (*Id*. at 4-10.) He also requests the Court to reconsider its denial of his request for appointment of counsel in light of his new allegations. (*Id*. at 10-13.)

**I.     Sua Sponte Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

**1.     Standard of Review**

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C.

§ 1915(e)(2); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. However, "where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged - but it has not 'show(n)' - 'that the pleader is entitled to relief.'" *Id.*, quoting Fed. R. Civ. P. 8(a)(2).

   2.   **Plaintiff's Factual Allegations**

Plaintiff claims that on August 27, 2015, Centinela prison officials confiscated 40 computer disks from him as contraband because he lacked authorized access to a computer. (ECF No. 9 at 4.) The disks were labeled as containing: "Discovery and other legal

materials" related to his criminal trial in *People v. Diaz*, Los Angeles County Superior Court Case No. BA387967. (*Id*.) Plaintiff claims that although he was not authorized to use a computer at Centinela at the time the disks were confiscated he could have applied for such permission. (*Id*.) He states that he was not given a hearing after the disks were confiscated, and if he had he would have explained they were given to him by his defense attorney in his criminal case and contained books, transcripts of witness interviews, crime scene and coroner's photographs, trial transcripts and other materials related his criminal trial. (*Id*. at 5-6.) Plaintiff states that Defendant Centinela Warden Madden ordered Defendants Centinela Litigation Coordinators Bumgart and Telles, along with Defendant Centinela Correctional Lieutenant Loop, to store the disks in Receiving and Release but they failed to provide him with a receipt. (*Id*. at 6.) He states that his requests for access to his legal materials were denied at Defendant Warden Madden's direction and a request sent directly to Warden Madden was ignored. (*Id*. at 6-7.)

Plaintiff made numerous requests for hard copies of the material on the disks between August 2015 and August 2016, and informed Defendants the disks contained material critical to contest his criminal conviction, which he indicates concluded on April 15, 2016. (*Id*. at 6-8.) He claims he was thwarted in pursuing state and federal petitions for writs of habeas corpus, and that Defendants' actions "caused his non-frivolous habeas petitions to be dismissed." (*Id*.) He states he was unable to attach exhibits to a state habeas petition due to Defendants' refusal to provide him with hard copies of the materials on the disks, and it was dismissed. (*Id*. at 9.) He claims Defendant Bumgart told Plaintiff's trial counsel not to send hard copies but to send the materials on computer disks, and contends that the disks could have been accessed by Centinela computers. (*Id*.)

Plaintiff claims Defendants violated his "rights under the First and Fourteenth Amendments." (*Id*. at 10.)

### 3. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff sufficiently alleges Defendants were acting under color of state law when they confiscated and deprived him of the ability to access the contents of his computer disks. *See id.* at 49 ("State employment is generally sufficient to render the defendant a state actor.") Therefore, the Court next considers whether Plaintiff has plausibly alleged a constitutional violation with respect to any of the named Defendants.

### a. Fourteenth Amendment due process claim

Plaintiff states that after the appeal of his criminal conviction ended his counsel sent him computer disks containing his trial record which Plaintiff needed to bring post-conviction challenges, and that he was denied due process when Defendants confiscated the disks without a hearing or a receipt and denied his requests for access to a computer to use the disks. The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). When analyzing a due process claim, courts must "first ask whether there exists a liberty or property interest of which a person has been deprived." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Only if Plaintiff has been deprived of such an interest does the court "ask whether the procedures followed by the State were constitutionally sufficient." *Id.*

Plaintiff was informed of those pleading requirements in the Court's prior Order of dismissal. (ECF No. 7 at 9.) Although the Court recognized that Plaintiff has a protected property interest in his personal property (*id*. at 9), he failed to allege he was deprived of his property since he admitted he was allowed to store, access and index his computer disks in the Receiving and Release unit at Centinela. (*Id*. at 9-10.) In addition, to the extent they were contraband no due process violation occurred because inmates have no constitutional right to keep contraband. (*Id*. at 10 n. 4.) Plaintiff was also informed that even to the extent

he claims Defendants deprived him of a liberty interest of access to a computer or some other unspecified decryption device, he had failed to state a plausible claim for relief under the Fourteenth Amendment. (*Id.* at 10, citing *Rhoden v. Dep't of State Hosps.*, No. 18cv00101-SAB (PC), 2020 WL 5737019, at *2, 11 (E.D. Cal. Mar. 20, 2020) (finding civil detainee had failed to state a due process claim for confiscation of computer information storage devices because they had no protected liberty interest to own "electronic and storage devices (personal laptop computer, tablet, other electrical devices, thumb drives/flash drives/ microchips, C/Ds and DVDs)."), *report and recommendation adopted*, 2020 WL 4048489 (E.D. Cal. July 20, 2020) and *Cerniglia v. Price*, No. 17cv00753-AWI-JLT (PC), 2017 WL 4865452, at *3-4 (E.D. Cal. Oct. 27, 2017) ("No court has found that prisoners have a constitutional right to possess personal computers or items that are similar to personal computers which are capable of accessing the internet in their cells.").)

      Plaintiff has failed to cure these pleading defects in the FAC. He alleges Defendants confiscated his computer disks as contraband and did so without a hearing or receipt and failed to provide him access to a computer to access his legal materials. (ECF No. 9 at 4.) However, he attaches to the FAC the declaration of Marla Beller, a Federal Public Defender appointed in his ongoing federal habeas case in the Central District of California to assist him in obtaining access to his legal files on the computer disks, who states that Centinela is cooperating in an ongoing effort to allow Plaintiff access to those materials. (*Id.* at 37-41.) Because Plaintiff fails to identify a liberty or property interest of which he was deprived, the Court need not inquire "whether the procedures followed by the State [in confiscating his property or depriving him of its use] were constitutionally sufficient." *Swarthout*, 562 U.S. at 219.

      The Court finds that the FAC fails to state a plausible Fourteenth Amendment due process claim with respect to the confiscation, storage, or ability to access the contents of Plaintiff's computer disks, and dismisses his Fourteenth Amendment due process claim as to all Defendants sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).

///

### b.     First Amendment right of access to courts claim

Plaintiff also once again contends Defendants violated his right of access to the courts by depriving him of access to the contents of the computer disks.  Plaintiff was instructed in the prior Order of dismissal that prisoners have a First Amendment right of access to the courts. (ECF No. 7 at 12-13, citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996).) That right guarantees the "capability of bringing contemplated challenges to sentences or conditions of confinement before the courts," and is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions.  *Lewis*, 518 U.S. at 354-56.

Plaintiff was also instructed in the Court's prior Order of dismissal that claims for denial of access to courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained," or from the loss of a suit "that cannot now be tried."  (ECF No. 7 at 13, citing *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002) and *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative *assistance* and those involving prisoners' rights to litigate without active *interference*."), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).)  Plaintiff was instructed that the threshold requirement for any claim based on the denial of access to the courts is the allegation of an "actual injury."  (*Id*., citing *Lewis*, 518 U.S. at 348 (an "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.") and *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (providing examples of actual injury as the "inability to file a complaint or defend against a charge.").)

In the prior Order of dismissal, the Court found Plaintiff's Complaint failed to allege sufficient facts to plausibly show that any Defendant personally frustrated or hindered him in any litigation opportunity with respect to his direct criminal appeal, any non-frivolous habeas petition or civil rights suit, or caused him to lose any non-frivolous case yet to be tried. (ECF No. 7 at 13-14.)  The Court noted that Plaintiff admitted that his federal habeas

corpus petition challenging the validity of his state court conviction is currently pending in the Central District of California, and that he has "filed more than seventy-five state habeas and mandate petitions" in the state court at every level of review.  (*Id*. at 14.)  The Court found that an exhibit attached to the Complaint, an Order issued in his federal habeas petition challenging his state criminal conviction in *Diaz v. Madden*, C.D. Cal. Civil Case No. 19-1681 CAS (FFM) by the Honorable Frederick F. Mumm, dated July 2, 2019, belied any claim of actual injury because that Order appoints the Federal Public Defender to represent Plaintiff in that pending federal habeas case "for the limited purpose of (1) obtaining the material on the CD-ROMs provided to [Plaintiff] by his criminal trial counsel; and (2) to the extent feasible within prison regulations, providing such material, or at least a portion thereof, to [him]."  (*Id*., citing Complaint Ex. B [ECF No. 1] at 15-17 and *Singanonh v. Langslet*, No. 18cv00159-WBS-DMC-P, 2020 WL 7239586, at *6 (E.D. Cal. Dec. 9, 2020) (finding no actual injury where prison officials failed to permit inmate copies of documents but inmate did not show it had an impact on his appeal).)  Notwithstanding Plaintiff's difficulties in obtaining access to his legal materials, the Court dismissed his access to courts claim in his original Complaint because he had failed to allege an actual injury with respect to either his pending habeas corpus petition or any other non-frivolous appeal or civil rights action, as he failed to present non-conclusory allegations that the lack of access to his legal materials interfered with his litigation of those actions.  (*Id*., citing *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to an access to courts claim), quoting *Lewis*, 518 U.S. at 353 & n.4.)

In an effort to cure the failure to allege an actual injury in the original Complaint, Plaintiff alleges in the FAC that he "filed a habeas petition in the state courts asserting that his first degree murder conviction should be overturned on ineffective assistance of counsel, prosecutorial misconduct, jury tampering, and insufficient evidence, but attached no exhibits to his petition supporting his claims [and] the state courts dismissed the petition." (ECF No. 9 at 9.)  He claims the actions of the Defendants "proximately caused

his non-frivolous habeas petitions to be dismissed, and hampered his ability to present a claim and to defend against the states['] charges and to bring any future cases." (*Id*. at 8.) He alleges that his "inability to access his legal materials prevented him from seeking relief in the Courts to [challenge] his murder conviction [when] the courts dismissed his habeas petition." (*Id*. at 9.) He alleges Defendant Bumgart interfered with and frustrated his ability to litigate those cases by instructing defense counsel to send Plaintiff's legal materials to him in computer disk form. (*Id* at 9-10.) However, nowhere in the FAC does Plaintiff identify those habeas petitions. Neither does he describe in non-conclusory terms what claims he was thwarted from litigating so as to plausibly allege they are non-frivolous. He once again references the July 2, 2019, order issued in *Diaz v. Madden*, C.D. Cal. Civil Case No. 19-1681 CAS (FFM), and contends the Honorable Frederick F. Mumm in that order "acknowledged" that his lack of access to the legal materials contained on computer disks "has unduly hampered his prosecution of his habeas claims." (*Id*. at 10.) The quote Plaintiff references states: "In addition, petitioner contends that he needs the CD-ROM materials because he asserts, he 'never possessed a complete copy of the trial record.' (Docket No. 23 at 2.) If that assertion is accurate, it is conceivable that his lack of access to the CD-ROM materials has unduly hampered his prosecution of his habeas claims." (*Id*., Ex. E at 1.)

The Court agrees it is conceivable that Plaintiff's ability to prosecute habeas cases could be hampered by his inability to access the materials on the computer disk. The Court also agrees with Plaintiff's contention that interference with his ability to litigate his habeas cases by denying him access to his legal materials can conceivably rise to the level of denial of access to courts. However, to state a claim for denial of access to the courts Plaintiff must allege more than *conceivable* injury, he must allege *actual* injury. Although he claims he has had "a habeas petition in the state courts" dismissed due to his inability to attach exhibits supporting his claims and has had "non-frivolous habeas petitions" dismissed, he does not identify those cases or provide context to plausibly allege that the claims he identifies are non-frivolous. To state an access to courts claim Plaintiff must "allege '(1) an

underlying cause of action *which should be adequately described in the complaint*, and (2) the actions by officials that caused the denial of access to the courts.'" *Brooks v. Alameida*, 446 F.Supp.2d 1179, 1185 (S.D. Cal. 2006) (emphasis added), citing *Harbury*, 536 U.S. at 415. He must also show "an 'actual injury,' which exists only if 'a nonfrivolous legal claim had been frustrated or was being impeded.'" *Lewis*, 518 U.S. at 353.

      The FAC does not identify the habeas petitions Plaintiff contends he was thwarted from litigating but sets forth in a conclusory manner the titles of claims brought in "non-frivolous habeas petitions," but without factual allegations from which a plausible inference can be drawn that he was thwarted from pursuing non-frivolous actions or claims. He alleges a state habeas petition was dismissed for failure to attach exhibits but does not identify the case, what exhibits were required to be attached, and why his failure to attach them caused the petition to be dismissed. He therefore does not provide factual allegations from which a plausible inference can be drawn that Defendants' actions caused the dismissal. *See Iqbal*, 556 U.S. at 679 ("where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged - but it has not 'show(n)' - 'that the pleader is entitled to relief."), quoting Fed. R. Civ. P. 8(a)(2). Even were the Court to take judicial notice of Plaintiff's 28 U.S.C. § 2254 federal habeas case filed in the Central District of California identified in the FAC as challenging his state criminal conviction, that case has not been dismissed, as Plaintiff was not only appointed counsel for the purpose of obtaining access to his legal materials in that case he was also recently granted an extension of time to file a supplemental reply to respondent's supplemental return to his habeas petition on or before September 17, 2021. *See* Minute Order filed July 8, 2021 [ECF No. 138] at 1, in *Diaz v. Madden*, C.D. Cal. Civil Case No. 19-1681 CAS-JEM; *see also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (holding that a court may take judicial notice of other proceedings in "the federal judicial system, if those proceedings have a direct relation to matters at issue.")

      The FAC contains threadbare recitals of the elements of an access to courts claim supported by conclusory statements and therefore fails to state a 42 U.S.C. § 1983 claim

upon which relief may be granted. *Iqbal*, 556 U.S. at 679; *Lewis*, 518 U.S. at 353. To cure this pleading defect, Plaintiff must sufficiently identify the case(s) he contends were dismissed, or otherwise identify a nonfrivolous legal claim or action which has "been frustrated or [is] being impeded" by the Defendants' actions. *Lewis*, 518 U.S. at 353.

Accordingly, the Court dismisses Plaintiff's access to courts claim sua sponte for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Plaintiff's renewed request for appointment of counsel is denied for the reasons set forth in the Court prior Order of dismissal, namely, that no "exceptional circumstances" currently exist to warrant the appointment of counsel in this action, particularly since Plaintiff has yet to successfully state a claim against the Defendants. (ECF No. 7 at 4-6.) That denial is once again without prejudice to Plaintiff to renew his request at a later stage of these proceedings.

## II.     Leave to Amend

In light of Plaintiff's pro se status, and because it is not absolutely clear that he cannot identify non-frivolous cases or claims he contends were lost or interfered with as a result of the Defendants' actions, or otherwise present non-conclusory allegations of the elements of an access to courts claim, the Court will grant him one final opportunity to amend his pleading to attempt to sufficiently allege a 42 U.S.C. § 1983 claim against the dismissed Defendants if he can and if he wishes to attempt to do so. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## III.    Conclusion and Order

For the reasons discussed, the Court **DISMISSES** the First Amended Complaint sua sponte in its entirely pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) based on a failure to state a claim upon which relief may be granted. The Court **GRANTS** Plaintiff sixty (60) days leave from the date of this Order in which to file a Second Amended Complaint which

cures the deficiencies of pleading noted, if he can.  Plaintiff's Second Amended Complaint must be complete by itself without reference to his previous pleadings.  Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (claims which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file a Second Amended Complaint within sixty (60) days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated:  September 2, 2021

Hon. Gonzalo P. Curiel
United States District Judge