UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONIVAN DIAZ, CDCR #AU-5079, <br><br> Plaintiff, <br><br> vs. <br><br> RAYMOND MADDEN, Warden, R. BUMGART, Litigation Coordinator, N. TELLES, Litigation Coordinator, and D. LOOP, Correctional Lieutenant, <br><br> Defendants. | Case No.: 20cv2147-GPC (BGS) <br><br> **ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1)** |

On November 2, 2020, Plaintiff Donivan Diaz, a state prisoner incarcerated at Centinela State Prison ("Centinela") in Imperial, California, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff claimed that a Centinela Correctional Lieutenant, two Centinela Litigation Coordinators and the Warden of Centinela violated his federal constitutional rights to due process, access to the courts, and to be free from cruel and unusual punishment when they confiscated computer disks containing his criminal case file and denied his requests for computer access to those records. (*See id.* at 2-9.) The Complaint was accompanied by a motion to proceed in forma

pauperis pursuant to 28 U.S.C. § 1915(a) and a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF Nos. 2, 6.)

On February 22, 2021, the Court granted Plaintiff's motion to proceed in forma pauperis, denied his motion for appointment of counsel without prejudice, and screened the Complaint pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require the Court to sua sponte dismiss a prisoner's in forma pauperis complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. (ECF No. 7.) The Court found Plaintiff's allegations that his computer disks were confiscated and his requests to use a computer to access his legal files were denied failed to plausibly allege: (a) the deprivation of a liberty or property interest sufficient to state a due process claim, (b) the denial of the minimal civilized measure of life's necessities sufficient to state a cruel and unusual punishment claim, or (c) that he suffered an actual injury such as an inability to meet a filing deadline or the loss of a non-frivolous claim sufficient to state an access to courts claim. (*Id*. at 9-15.) The Court dismissed the Complaint for failure to state a claim, informed Plaintiff of the defects of his pleading, granted him leave to amend, and instructed him that any Defendants not re-named and any claims not re-alleged would be considered waived. (*Id*. at 16.)

On April 5, 2021, Plaintiff filed a First Amended Complaint ("FAC") in which he named the same four Defendants and claimed that by interfering with his access to his legal materials they violated his rights to due process and access to the courts. (ECF No. 9 at 4-10.) He also requested reconsideration of the denial of his request for appointment of counsel in light of his new allegations. (*Id*. at 10-13.)

On September 2, 2021, the Court screened the FAC pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2) & 1915A(b), and found that Plaintiff had failed to state a due process claim based on denial of access to his records because he had been appointed counsel in his underlying habeas action to assist him with obtaining access to his computerized legal documents, and failed to state an access to courts claim because he had not alleged an actual injury such as an inability to meet a filing deadline or the loss of a non-frivolous claim.

(ECF No. 10 at 5-11.) The Court once again notified Plaintiff of those deficiencies of his pleading and granted him one final opportunity to amend to attempt to cure them. (*Id.*)

Plaintiff has now filed a Second Amended Complaint ("SAC"). (ECF No. 11.) He claims his rights to due process and access to the courts were denied by the confiscation of his computerized state court records without notice, hearing or a receipt. (*Id.* at 2-6.)

## I. Sua Sponte Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### 1. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his SAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Under § 1915A, when determining whether a complaint

states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. However, "where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged - but it has not 'show(n)' - 'that the pleader is entitled to relief.'" *Id*., quoting Fed. R. Civ. P. 8(a)(2).

### 2.    Plaintiff's Factual Allegations

Plaintiff repeats his previous allegation that in July 2015, Defendant Centinela Litigation Coordinator Bumgart instructed Plaintiff's trial counsel to send his legal files on computer disks because the hard copies were so voluminous they would violate prison regulations and be confiscated. (ECF No. 11 at 3.) On August 27, 2015, Plaintiff received 40 computer disks, which he alleges prison officials confiscated as contraband without providing a justification for doing so. (*Id*.) The disks were labeled as containing: "Discovery and other legal materials" related to his criminal trial in *People v. Diaz*, Los Angeles County Superior Court Case No. BA387967. (*Id*.) That same day Defendant Centinela Warden Madden ordered Defendants Centinela Litigation Coordinators Bumgart and Telles and Centinela Correctional Lieutenant Loop to store the disks in Receiving and Release but failed to provide Plaintiff with notice, hearing or a receipt. (*Id*.) Plaintiff states he made numerous requests to Defendant Warden Madden "for a notice and a hearing but Defendant Madden refused to answer." (*Id*.)

In support of his denial of due process claim, Plaintiff alleges that Defendant Telles responded to one of his requests by asking "a Facility Captain to look into the requests," and told Plaintiff that he would be contacted in a few days by a facility captain. (*Id*. at 4.) A few days later Plaintiff spoke to a Centinela Captain who said he was unaware of an issue regarding the lack of notice and hearing and instructed Plaintiff to resubmit his request. (*Id*.) Plaintiff resubmitted his request on March 24, 2016 and received a written

response from Defendant Telles in April "claiming that plaintiff had an opportunity to 'speak with a facility captain' and claimed that 'Centinela had made a good faith effort to assist' the plaintiff." (*Id.*) Plaintiff filed an administrative appeal with Defendant Warden Madden "pointing out that no notice and hearing or a receipt was provided, and that there was no evidence supporting Defendant Telles['] statements, and that Defendant Telles failed to explain the reasons for his findings." (*Id.* at 5.)

In support of his denial of access to courts claim Plaintiff alleges that the actions of the Defendants "caused plaintiff's non-frivolous habeas petitions to be dismissed, and hampered his ability to present claims that would have defended against the state charges and personally hindered plaintiff's ability to meet his federal filing deadline." (*Id.*) He claims that "[d]uring these events, the plaintiff suffered dismissals in his non-frivolous habeas cases in, In re Donivan Diaz, case no.'s B282708, B284197, B285842, B286073, B286836, B286962, B287856, B289770, B290713, B291136, B287858, B291811, B292543, B292910, B294353, B304041, and B305819, as well as criminal case People v. Diaz, BA387967-01, making it impossible for plaintiff to defend against state charges." (*Id.* at 5-6.) He claims those cases "were dismissed due to his inability to attach copies of reasonable available documentary evidence supporting the claims, including pertinent portions of trial transcripts, affidavits, or declarations." (*Id.* at 6.) He also claims Defendants' actions "hindered his federal habeas petition in *Diaz v. Madden*, C.D. Civil case no. 19-1681-CAS (JEM), making it impossible even with due diligence, to meet AEDPA's timeliness provisions filing deadline," and states that although that case is still pending the timeliness issue has not yet been resolved. (*Id.*)

**3. Analysis**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff sufficiently alleges Defendants were acting under color of state law when they allegedly confiscated his

computer disks without notice, hearing or a receipt. *See id.* at 49 ("State employment is generally sufficient to render the defendant a state actor.")  Therefore, the Court next considers whether Plaintiff has plausibly alleged a constitutional violation with respect to any of the named Defendants.

### a. Fourteenth Amendment due process claim

Plaintiff states that after the appeal of his criminal conviction ended his counsel sent him computer disks containing his criminal trial record which Plaintiff needed to bring post-conviction challenges, and that he was denied due process when Defendants confiscated the disks without notice, hearing or a receipt.  The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.  "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972).  When analyzing a due process claim, courts must "first ask whether there exists a liberty or property interest of which a person has been deprived." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).  Only if Plaintiff has been deprived of such an interest does the court "ask whether the procedures followed by the State were constitutionally sufficient." *Id.*

Plaintiff was twice informed of those pleading requirements in the Court's prior Orders of dismissal. (ECF No. 7 at 9; ECF No. 10 at 5.)  The Court found that although Plaintiff had alleged a property interest he had failed to allege he was deprived of his property in either version of his complaint since he admitted he was allowed to store, access and index his computer disks in the Receiving and Release unit at Centinela. (ECF No. 7 at 9-10; ECF No. 10 at 5-6.)  Plaintiff attached to the FAC the declaration of Marla Beller, a Federal Public Defender appointed in his ongoing federal habeas case in the Central District of California, which states she was appointed to assist him in obtaining access to his legal files on the computer disks and that Centinela is cooperating in an ongoing effort to allow Plaintiff access to those materials. (*See* ECF No. 9 at 37-41.)  Plaintiff was

instructed that because he failed to identify a liberty or property interest of which he was deprived, the Court did not need to inquire "whether the procedures followed by the State [in confiscating his property or depriving him of its use] were constitutionally sufficient." (ECF No. 10 at 6, citing *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).)

Plaintiff has not cured the defect of pleading that he was deprived of his property interest in his computer files. Rather, he merely alleges they were initially confiscated without notice, hearing or a receipt, which he was instructed in the Court's prior dismissal orders was insufficient to state a due process claim. (ECF No. 7 at 9-19; ECF No. 10 at 5-6.) The Court finds that the SAC once again fails to state a plausible Fourteenth Amendment due process claim with respect to the failure to provide Plaintiff notice, hearing and receipt related to the confiscation of his computerized legal files, and once again dismisses his Fourteenth Amendment due process claim as to all Defendants sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1). Because Plaintiff has been twice informed of the pleading requirements to state a claim for denial of due process and continues to fail to plausibly allege such a claim, and it is now clear he is unable or unwilling to do so, the dismissal is without further leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see also Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

### b.   *First Amendment right of access to courts claim*

Plaintiff also once again claims Defendants violated his right of access to the courts by confiscating his computer disks without notice, hearing or receipt. Plaintiff was instructed in the prior Orders of dismissal that prisoners have a First Amendment right of access to the courts which guarantees the "capability of bringing contemplated challenges to sentences or conditions of confinement before the courts," and is limited to the filing of

direct criminal appeals, habeas petitions, and civil rights actions.  (ECF No. 7 at 12-13 and ECF No. 10 at 7, both citing *Lewis v. Casey*, 518 U.S. 343, 354-56 (1996).)

Plaintiff was also instructed in the Court's prior Orders of dismissal that claims for denial of access to courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained," or from the loss of a suit "that cannot now be tried."  (ECF No. 7 at 13 and ECF No. 10 at 7, both quoting *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002) and both citing *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative *assistance* and those involving prisoners' rights to litigate without active *interference*."), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).)  Plaintiff was instructed that the threshold requirement for any claim based on the denial of access to the courts is the allegation of an "actual injury" which is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  (ECF No. 7 at 13 and ECF No. 10 at 7, both quoting *Lewis*, 518 U.S. at 348.)

In the prior Orders of dismissal, the Court found Plaintiff's Complaint failed to allege sufficient facts to plausibly show that any Defendant personally frustrated or hindered him in any litigation opportunity with respect to his direct criminal appeal, any non-frivolous habeas petition or civil rights suit, or caused him to lose any non-frivolous claim or case yet to be tried.  (ECF No. 7 at 13-14; ECF No. 10 at 8-11.)  As the Court noted, Plaintiff indicated that his federal habeas corpus petition challenging the validity of his state court conviction was currently pending in the Central District of California and that he has "filed more than seventy-five state habeas and mandate petitions" in the state court at every level of review.  (ECF No. 7 at 14.)  The Court found that an exhibit attached to the Complaint, an Order issued in his federal habeas petition challenging his state criminal conviction in the federal District Court for the Central District of California in *Diaz v. Madden*, C.D. Cal. Civil Case No. 19-1681 CAS (FFM) by the Honorable Frederick F. Mumm, dated July 2, 2019, belied any claim of actual injury in his pending Central

District habeas case because that Order appointed the Federal Public Defender to represent Plaintiff in that pending federal habeas case "for the limited purpose of (1) obtaining the material on the CD-ROMs provided to [Plaintiff] by his criminal trial counsel; and (2) to the extent feasible within prison regulations, providing such material, or at least a portion thereof, to [him]." (*Id.*, citing Complaint Ex. B [ECF No. 1] at 15-17 and *Singanonh v. Langslet*, No. 18cv00159-WBS-DMC-P, 2020 WL 7239586, at *6 (E.D. Cal. Dec. 9, 2020) (finding no actual injury where prison officials failed to permit inmate copies of documents but inmate did not show it had an impact on his appeal).) The Court dismissed the access to courts claim in the original Complaint because Plaintiff failed to allege an actual injury with respect to either his pending habeas corpus petition or any other non-frivolous appeal or civil rights action, as he failed to present non-conclusory allegations that the lack of access to his legal materials interfered with his litigation of those actions. (*Id.*, citing *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to an access to courts claim), quoting *Lewis*, 518 U.S. at 353 & n.4.)

In an effort to cure the failure to allege an actual injury in the original Complaint, Plaintiff alleged in the FAC that he "filed a habeas petition in the state courts asserting that his first degree murder conviction should be overturned on ineffective assistance of counsel, prosecutorial misconduct, jury tampering, and insufficient evidence, but attached no exhibits to his petition supporting his claims [and] the state courts dismissed the petition." (ECF No. 9 at 9.) He claimed the actions of the Defendants "proximately caused his non-frivolous habeas petitions to be dismissed, and hampered his ability to present a claim and to defend against the states['] charges and to bring any future cases." (*Id.* at 8.) He alleged that his "inability to access his legal materials prevented him from seeking relief in the Courts to [challenge] his murder conviction [when] the courts dismissed his habeas petition." (*Id.* at 9.) He alleged Defendant Bumgart interfered with and frustrated his ability to litigate those cases by instructing defense counsel to send Plaintiff's legal materials to him in computer disk form. (*Id* at 9-10.) However, Plaintiff did not identify

those habeas petitions in the FAC, nor describe in non-conclusory terms what claims he was thwarted from litigating so as to plausibly allege they are non-frivolous. He once again referenced the July 2, 2019, order issued in *Diaz v. Madden*, C.D. Cal. Civil Case No. 19-1681 CAS (FFM), and contended that the Honorable Frederick F. Mumm in that order stated that: "[P]etitioner contends that he needs the CD-ROM materials because he asserts, he 'never possessed a complete copy of the trial record.' (Docket No. 23 at 2.) If that assertion is accurate, it is conceivable that his lack of access to the CD-ROM materials has unduly hampered his prosecution of his habeas claims." (*Id.*, Ex. E at 1.)

The Court agreed it was *conceivable* that Plaintiff's ability to prosecute habeas cases could be hampered by his inability to access the materials on the computer disk and agreed with Plaintiff's contention that interference with his ability to litigate his habeas cases by denying him access to his legal materials could *conceivably* rise to the level of denial of access to courts. (ECF No. 10 at 9.) However, Plaintiff was instructed that in order to state a claim for denial of access to the courts he must allege more than *conceivable* injury, he must allege *actual* injury. (*Id.*) Although he claimed he had "a habeas petition in the state courts" dismissed due to his inability to attach exhibits supporting his claims and had "non-frivolous habeas petitions" dismissed, he did not identify those cases in either version of his complaint or provide context to plausibly allege that the claims he identifies are non-frivolous. Plaintiff was instructed, once again, that in order to state an access to courts claim he must "allege '(1) an underlying cause of action *which should be adequately described in the complaint*, and (2) the actions by officials that caused the denial of access to the courts.'" (*Id.*, quoting *Brooks v. Alameida*, 446 F.Supp.2d 1179, 1185 (S.D. Cal. 2006) (emphasis added), citing *Harbury*, 536 U.S. at 415.) He was also instructed that he must show "an 'actual injury,' which exists only if 'a nonfrivolous legal claim had been frustrated or was being impeded.'" (*Id.*, quoting *Lewis*, 518 U.S. at 353.)

The Court found that the FAC did not identify the habeas petitions Plaintiff contends he was thwarted from litigating, but instead set forth in a conclusory manner the titles of claims brought in "non-frivolous habeas petitions," but without factual allegations from

which a plausible inference could be drawn that he was thwarted from pursuing non-frivolous actions or claims. (*Id.*) The FAC therefore lacked factual allegations from which a plausible inference can be drawn that Defendants' actions caused any dismissal. *See Iqbal*, 556 U.S. at 679 ("where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged - but it has not 'show(n)' - 'that the pleader is entitled to relief.'"), quoting Fed. R. Civ. P. 8(a)(2). The Court found that even were it to take judicial notice of Plaintiff's 28 U.S.C. § 2254 federal habeas case filed in the Central District of California identified in the FAC as challenging his state criminal conviction, that case had not been dismissed, and Plaintiff was appointed counsel for the purpose of obtaining access to his legal materials in that case.

In sum, the Court found that the FAC contained threadbare recitals of the elements of an access to courts claim supported by conclusory statements and therefore failed to state a 42 U.S.C. § 1983 claim upon which relief may be granted, (ECF No. 10 at 10-11 citing *Iqbal*, 556 U.S. at 679; *Lewis*, 518 U.S. at 353). Plaintiff was instructed that in order to cure this pleading defect, he must sufficiently identify the case(s) he contends were dismissed, or otherwise identify a nonfrivolous legal claim or action which has "been frustrated or [is] being impeded" by the Defendants' actions. (ECF No. 10 at 11 quoting *Lewis*, 518 U.S. at 353).

In an attempt to cure that pleading defect, Plaintiff now claims in the SAC that he "suffered dismissals in his non-frivolous habeas cases in, *In re Donivan Diaz*, case no.'s B282708, B284197, B285842, B286073, B286836, B286962, B287856, B289770, B290713, B291136, B287858, B291811, B292543, B292910, B294353, B304041, and B305819, as well as criminal case People v. Diaz, BA387967-01, making it impossible for plaintiff to defend against state charges" as a result of the denial of access to his computerized legal files. (ECF No. 11 at 5-6.) He claims those cases "were dismissed due to his inability to attach copies of reasonable available documentary evidence supporting the claims, including pertinent portions of trial transcripts, affidavits, or declarations." (*Id.* at 6.) He also claims Defendants' actions "hindered his federal habeas petition in *Diaz v.*

*Madden*, C.D. Civil case no. 19-1681-CAS (JEM), making it impossible even with due diligence, to meet AEDPA's timeliness provisions filing deadline," and although that case is still pending in the Central District the timeliness issue has not been resolved. (*Id.*)

Plaintiff's allegation that the Defendants interfered with his ability to prosecute his state court criminal case no. BA387967 by interfering with access to his legal files in that case does not state a claim because Plaintiff was represented by counsel during those criminal proceedings. *See United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982) (holding that access to a court-appointed attorney satisfies prison authorities' obligation to provide prison meaningful access to the courts). Likewise, with respect to Plaintiff's currently pending federal habeas case in the Central District challenging that state criminal conviction, Plaintiff was appointed counsel to assist him in obtaining access to his computerized legal materials, and his only allegation regarding actual injury is that the timeliness issue is still pending in that case and it could be dismissed in the future as untimely. A denial of access to the courts claim may accrue if or when that case is dismissed or a claim is lost for reasons traceable to the Defendants' alleged interference with access to Plaintiff's computerized legal materials, but there are no allegations in any version of the complaint which plausibly suggest such a claim has accrued. In any case, Plaintiff has not alleged, plausibly or otherwise, how or why the Defendants' actions have interfered with his litigation activities in that or any other case he is pursuing or has pursued, but merely alleges his computerized legal files were initially confiscated without notice, hearing or receipt. *See Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994) (to state a claim for denial of access to the courts a plaintiff must show his access was or will be unreasonably limited and that the limitations caused or will cause actual injury); *Cherry v. Shedd*, 713 Fed.Appx. 593, 593 (9th Cir. 2018) (no denial of access to courts claim arose from defendant's misplacement of prisoner's legal materials absent a showing of actual injury), citing *Lewis*, 518 U.S. at 348-53.

Finally, with respect to the 17 habeas cases identified in the SAC, Plaintiff has failed to follow the repeated instructions in the Court's two prior dismissal orders to identify non-

frivolous claims in those cases which have been lost or interfered with as a result of Defendants' actions. He merely repeats language from the Court's prior dismissal orders that he has lost non-frivolous claims as a result of the dismissal of those cases, but without the details he was instructed were necessary to identify an actual injury. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678 (a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")

Accordingly, the Court once again dismisses Plaintiff's access to courts claim sua sponte for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Because Plaintiff has twice been informed of the pleading requirements to state a claim for denial of access to the courts and continues to fail to plausibly allege an actual injury necessary to state such a claim, and it is now clear he is unable or unwilling to identify the loss of a non-frivolous claim traceable to Defendants' actions, the dismissal is without further leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar*, 698 F.3d at 1212; *Lira*, 427 F.3d at 1169 ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

## II.     Conclusion and Order

For the reasons discussed, the Court **DISMISSES** the Second Amended Complaint sua sponte in its entirely pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) based on a failure to state a claim upon which relief may be granted. The dismissal is without further leave to amend. The Clerk of Court shall enter final judgment accordingly.

**IT IS SO ORDERED**.

Dated:  December 2, 2021

Hon. Gonzalo P. Curiel
United States District Judge